# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
      Plaintiff,

v.                                           Case No. 99-CR-168

**VICTORIA EDWARDS,**
      Defendant.

## ORDER

Defendant Victoria Edwards requests that her supervised release term be terminated, or that the community service condition be removed. She states that she has been compliant with her conditions, and that the community service condition places a strain on her time, given her employment and part-time schooling. She also expresses concern that the supervising probation officer has threatened to deny travel requests unless she performs community service. The government opposes both requests.

## I. EARLY TERMINATION

The court may grant a request for early termination of supervised release if (1) the defendant has served at least one year; (2) considering the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. 18 U.S.C. § 3583(e)(1); <u>United States v. Medina</u>, 17 F. Supp. 2d 245 (S.D.N.Y. 1998). The conduct of the defendant must include more than simply following the rules of supervision. Otherwise, every defendant who avoids revocation would be eligible for early termination. Instead, "termination is proper only in cases with a new or

unforeseen circumstance, which may include exceptionally good behavior." Medina, 17 F. Supp. 2d at 246-47; see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (noting that early termination is a discretionary decision made by the district court, is not warranted as a matter of course, but is "occasionally" justified due to the "changed circumstances" of a defendant, such as "exceptionally good behavior").

In the present case, defendant has been largely compliant, with only a few very minor problems on supervision. She has worked and stayed out of trouble. However, this is what is expected of defendants on supervised release. Further, while defendant has noted some difficulties in completing all of her obligations, she has not shown that supervised release is impeding her rehabilitation. Nor do I believe that the supervising officers have been unreasonable in their dealings with her. Finally, given the seriousness of the offense and defendant's prior criminal contacts, substance abuse and mental health issues, early termination would not be in the interest of justice. I in no way denigrate the great strides defendant has made, but under all the circumstances it would be improper to terminate her supervised release.

## II. MODIFICATION

The court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). In the present case, defendant wants me to eliminate the community service condition I imposed.

I imposed this condition, requiring defendant to complete 40 hours of community service per year, in lieu of the fine. See U.S.S.G. §§ 5D1.3(e)(3) & 5F1.3. I previously granted defendant's request that she be allowed to complete community service at her place of employment, during non-working hours. In order to satisfy the requirement, she would need to perform two hours of service per week at her work place between May and October each year. This does not seem unduly burdensome. Further, I find it appropriate that defendant give back to the community in a verifiable way for the full five years of her term, particularly given that I waived a fine in this case.

In her reply, defendant states that she does more to help the community than is reported, such as donating food to hungry children and driving a family to a funeral home. It is unclear whether she has attempted to claim the time spent in these tasks with the probation office, but it would appear that verification would be difficult. Again, defendant is to be commended for her generosity, but community service hours must be verifiable.

Defendant also asks that she be allowed to claim time she will spend at a summer camp in August, noting that she will be paid for only 8 hours per day but will be responsible for the children 24 hours per day. The court has no objection to including this time, so long as probation is able to obtain verification.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request for early termination of supervised release (R. 584) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's request for modification of supervised release to eliminate the community service condition (R. 584) is **DENIED**. However, the

3

Case 2:99-cr-00168-LA    Filed 07/27/06    Page 3 of 4    Document 593

court has no objection to counting non-working hours at the "Trail Ridge Ranch Kids' Kamp" as community service, so long as probation can obtain appropriate verification.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge