# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                        **Case No. 99-CR-168**

**VICTORIA EDWARDS,**
        **Defendant.**

## DECISION AND ORDER

Defendant Victoria Edwards filed a request for early termination of her supervised release. See 18 U.S.C. § 3583(e)(1). I provided the government an opportunity to respond, but it has not done so. I now deny the request.

**I.**

Defendant pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. On April 23, 2002, I sentenced her to 18 months in prison based on the government's U.S.S.G. § 5K1.1 motion, followed by five years of supervised release. Defendant was released from prison and commenced her supervision on October 2, 2003.

In 2006, defendant filed a motion to terminate and/or modify her supervision to eliminate the community service condition. I denied the motion but permitted her to complete community service during non-working hours at her place of employment. Defendant is scheduled to discharge from supervision on October 1, 2008.

In the instant motion, defendant indicates that she has completed all ordered community service, continues to work and further her education, and has otherwise been compliant with her conditions. She indicates that she has made changes in her life to ensure that she does

not re-offend and associates with few people outside her family. She states that she has come to realize the damage drugs do to the community.

**II.**

Section 3583(e)(1) provides that the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) she has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede her rehabilitation or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Medina, 17 F. Supp. 2d at 246-47; see also United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003) (stating that early termination of probation is not warranted based on "mere compliance with the terms of probation" but rather "only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior").

2

**III.**

Early termination is not warranted in this case. While defendant has generally been compliant, the probation office previously noted some difficulty in obtaining compliance with the community service condition. In any event, even perfect compliance does not necessarily warrant early termination. The court expects those on supervised release to work and follow the rules. Defendant makes no showing that her performance has been exceptionally good or that the conditions of supervised release impede her rehabilitation or impose any other undue hardship.

Further, given the seriousness of the offense, early termination would not be in the interest of justice. Defendant participated in a conspiracy involving a substantial amount of cocaine, but her prison sentence was far below the guidelines based on her cooperation. To terminate supervision early and, in effect, reduce the sentence further would depreciate the seriousness of the crime. See 18 U.S.C. § 3553(a)(2)(A). Her prior record is limited and, based on her performance on supervision, defendant does not appear to present a risk of recidivism. However, given the nature of the offense and defendant's past substance abuse issues, it is appropriate to require defendant to serve out her supervision term to ensure the protection of the public. See 18 U.S.C. § 3553(a)(2)(C). Defendant appears to have addressed her correctional treatment needs, see § 3553(a)(2)(D), but supervision still serves the purposes of protecting the public and deterring defendant from possibly re-offending, see § 3553(a)(2)(B) & (C).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request to terminate supervised release (R. 621) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge